UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DALE TOWNSEND,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | )    No. 1:24-cv-00120-HAB-SLC |
| | ) |
| **SMITH'S GARAGE & TRUCKING, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is the parties' joint motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) (ECF 16), together with a proposed protective order (ECF 16-1).[1] Because the proposed order is inadequate in several aspects, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[2] A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective

---

[1] The parties submitted the proposed protective order as an exhibit to their motion (ECF 16-1) but also filed the proposed order in a separate docket entry (ECF 13). Proposed orders are not to be filed on the record in a separate docket entry, and therefore the proposed order in Docket Entry No. 13 will be STRICKEN.

[2] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order's language contemplates filing documents under seal without further court approval (ECF 16-1 ¶ 7), it requires a higher level of scrutiny.

order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, paragraph 3 of the proposed order seeks to seal all documents that "contain confidential personal information, . . . personnel records, or such other sensitive commercial information that is not publicly available." (ECF 16-1 ¶ 3). This language creates a vague, overly broad protective order right from the outset. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-CV-365 PPS, 2008 WL 4367594, at *1-2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").[3]

And while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l*, 297 F.3d at 547. Moreover, "that the information is not available to the general public . . . is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249.

---

[3] Indeed, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc*., No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) (citation omitted). For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id*. (citation omitted); *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Additionally, the proposed order incorporates a "fudge" phrase, enabling a party to designate information as confidential by "making a good faith determination" that the information is entitled to protection. (ECF 16-1 ¶ 3). This compounds the vagueness of the already overly-broad proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Also, paragraph 5(b) fails to include the Court and all Court personnel as persons who are allowed to review the confidential documents without the written consent of the producing party and without completing the certification in Exhibit A. (ECF 16-1 ¶ 5(b)).

Further, the language in paragraph 8 concerning objections is insufficient as to the term "non-party with standing." (*Id.* ¶ 8). The Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party *and any interested member of the public* can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 945 (emphasis added).

And while the parties agree that the protective order will remain in force after termination of the suit (ECF 16-1 ¶ 11(a)), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177,

3

2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the proposed order should make clear that the duty to return or destroy confidential materials after termination of the litigation articulated in paragraph 11(b) does not apply to the Court or Court personnel. Nor will the Court approve paragraph 11(c), as the clerk will follow the Court's policies and procedures as to the handling of any sealed documents filed with the Court.

For these reasons, the Court DENIES the motion for entry of the proposed stipulated protective order without prejudice (ECF 16) and DIRECTS the clerk to STRIKE the proposed order submitted in Docket Entry No. 13. The parties may submit a motion, submitting as an attachment a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 23rd day of May 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge